UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY ESTRADA,<br><br>Petitioner,<br><br>v.<br><br>JERRY OURIQUE, et al.,<br><br>Respondents. | Case No. 25-cv-02835-JST<br><br>**ORDER GRANTING MOTION TO DISMISS HABEAS PETITION**<br><br>Re: ECF No. 11 |

Petitioner Mark Anthony Estrada, a state prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Now before the Court is Respondent's motion to dismiss Mark Anthony Estrada's petition for habeas corpus. ECF No. 11. The Court will grant the motion to dismiss claims one and three and dismiss the habeas petition.

## I.    BACKGROUND

On July 24, 2015, Petitioner Mark Anthony Estrada was charged with first degree murder with an enhancement for the use of a firearm. Cal. Penal Code §§ 187(a), 12022.7(a), 12022.53(d). The allegations also included special circumstances for the murder of an on-duty peace officer, Cal. Penal Code § 190.2(a)(7); murder by lying in wait, Cal. Penal Code. 190.2(a)(15); and drive-by murder, Cal. Penal Code § 190.2(a)(21). ECF No. 1 ¶ 1. On February 1, 2022, Petitioner entered a no contest plea in Alameda County Superior Court to one count of first-degree murder with a firearm enhancement for a stipulated sentence of 50 years to life in state prison in exchange for an agreement to drop the special circumstances allegations. *Id.* ¶¶ 2, 17.

On March 2, 2022, Petitioner requested appointment of new counsel to evaluate whether grounds existed to withdraw his plea, although Petitioner's counsel stated that she did not see grounds to withdraw the plea. *Id.* ¶ 19. The trial court stated that it would consider appointing

United States District Court
Northern District of California

new counsel to review the plea but indicated it would not appoint substitute counsel for sentencing. *Id.*

On March 15, 2022, Petitioner filed a motion to withdraw his no-contest plea. *Id*. ¶ 3. The minutes reflect only that the motion was filed and do not indicate that new counsel was appointed. *Id.* ¶ 24. The motion was heard on March 28, 2022. *Id.* ¶ 30. Defense counsel did not present argument in support of the motion. *Id.* ¶ 31. The trial court addressed Petitioner directly. *Id.* ¶¶ 32–34. The court denied the motion. *Id.* ¶ 3. On April 14, 2022, the trial court sentenced Petitioner to the negotiated term of fifty years to life. *Id.* ¶ 4.

On direct appeal, the California Court of Appeal affirmed the denial of the motion to withdraw the no contest plea on October 13, 2023. ECF No. 11 at 2. The California Supreme Court denied review on December 27, 2023. ECF No. 1 ¶ 8. Petitioner did not file a cert petition in the United States Supreme Court, so his conviction became final on March 27, 2024. *Id*. ¶ 9.

On March 26, 2025, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C § 2254. *Id.* Petitioner seeks habeas relief on three alleged violations of the Sixth Amendment. *Id*. ¶¶ 35–37. First, Petitioner argues that his trial counsel deprived him of the right to conflict-free counsel when she represented Petitioner in his motion to withdraw the plea with a conflict of interest. *Id*. ¶ 35. Second, Petitioner alleges that his trial counsel's refusal to argue the withdrawal motion deprived Petitioner of counsel at a critical stage of the proceedings. *Id*. ¶ 36. Finally, Petitioner argues that the local requirement that conflict counsel could only be appointed to take over the entire case unconstitutionally burdens the Sixth Amendment right to conflict-free counsel. *Id*. ¶ 37.

On July 24, 2025, Respondent moved to dismiss the petition, contending that claims one and three are unexhausted. ECF No. 11. Petitioner filed an opposition on November 7, 2025. ECF No. 19. Respondent filed a reply on November 21, 2025. ECF No. 20.

## II.   JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 2254.

## III.   LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal

court may not grant habeas relief unless the petitioner has exhausted the remedies available in the state courts. 28 U.S.C. § 2254(b)(1)(A). The exhaustion doctrine requires petitioners to provide the state courts with one full opportunity to rule on their federal habeas claims before presenting those claims to the federal courts. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971).

"The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). To satisfy exhaustion, a petitioner must "fairly present" each federal claim to the state courts by presenting both the operative facts and the federal legal theory underlying the claim. *Picard*, 404 U.S. at 275; *Castillo v. McFadden*, 399 F.3d 993, 999–1003 (9th Cir. 2005). "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). "The state courts must be given a fair opportunity to act on each of the petitioner's claims before he presents those claims in a federal habeas petition." *O'Sullivan*, 526 U.S. at 844.

Fair presentation requires that the state court be alerted to the claim itself, not left to infer it from related arguments, factual overlap, or generalized citations. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). Nor is exhaustion satisfied where a petitioner presents a new legal theory for the first time in federal court. *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996).

A federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. *Rhines v. Weber*, 544 U.S. 269, 273 (2005).

## IV.    DISCUSSION

Respondent moves to dismiss claims one and three as unexhausted and dismiss the petition without prejudice. ECF No. 11. The Court addresses each claim in turn.

### A.    Claim One

Petitioner's first claim alleges that his counsel represented him while maintaining an actual conflict of interest during the proceedings on his motion to withdraw his plea, which violated his Sixth Amendment rights. ECF No. 19 at 3–6. Respondent argues that this claim is unexhausted

United States District Court
Northern District of California

3

because Petitioner did not fairly present a federal conflict-of-interest theory to the California Court of Appeal because the theory was raised for the first time in his petition for review to the California Supreme Court. ECF No. 11 at 3–4. The Court agrees with Respondent.

Under AEDPA, a petitioner must fairly present each federal claim to the state courts through one complete round of the state's established appellate review process. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan*, 526 U.S. at 845. Fair presentation requires that the petitioner present both the operative facts and the specific federal legal theory underlying the claim so that state courts are afforded a fair opportunity to apply controlling legal principles to the constitutional claim. *Picard*, 404 U.S. at 275; *Castillo*, 399 F.3d at 999–1003. General references to broad constitutional principles, factual overlap, or analogous state-law arguments do not suffice to exhaust a distinct federal claim. *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (per curiam); *Baldwin*, 541 U.S. at 32 ("[A] state prisoner does not "fairly present" a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material . . . that does so."). Nor does "drive-by" citation to a constitutional provision in connection with one claim exhaust a separate claim arising under the same amendment. *See Castillo*, 399 F.3d at 1002–03; *Baldwin*, 541 U.S. at 32.

A Sixth Amendment actual conflict-of-interest claim is analytically distinct from claims alleging ineffective assistance of counsel or denial of counsel. While ineffective assistance and denial-of-counsel claims focuses on prejudice due to deficient performance or the absence of representation, a conflict-of-interest claim requires a showing that counsel's divided loyalties adversely affected representation, not simply a theoretical division of loyalty. *Compare Mickens v. Taylor*, 535 U.S. 162, 166–67 (2002) *with Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). To exhaust such a claim, the petitioner must fairly present the conflict-of-interest theory itself to the state courts. *Castillo*, 399 F.3d at 1003.

In the opening brief filed in the California Court of Appeal, Petitioner framed the challenge to the plea withdrawal proceedings as a denial of counsel at a critical stage and ineffective assistance of counsel. ECF No. 11 at 23–28. The argument focused on trial counsel's statement that she saw no grounds to withdraw the plea along with her failure to advocate the motion at the

hearing, asserting that this left Petitioner effectively unrepresented. *Id.* The brief relied on authority addressing the right to counsel at critical stages and state-law substitution of counsel principles. *Id.* This does not address the conflict-of-interest claim.

Petitioner argues that a citation to *Strickland v. Washington*, 466 U.S. 668 (1984) was sufficient to have raised a conflict-of-interest claim before the Court of Appeal. ECF No. 19 at 5. That citation, however, was offered in support of Petitioner's denial-of-counsel theory, not as an articulation of a distinct conflict-of-interest claim. Petitioner specifically asserted that he was deprived of the "'*effective assistance*' [he] was entitled to under *Strickland*." ECF No. 11 Ex. 1 at 24 (emphasis added). He immediately followed that statement by arguing that "[s]uch conduct was a complete denial of the assistance of counsel at a critical stage of the proceeding." ECF No. 11 Ex. 1 at 25.

Petitioner also suggests that by citing a portion of *King v. Superior Court* referencing *Strickland's* citation to *Cuyler*, he effectively raised an actual conflict-of-interest claim. ECF No. 19 at 5. This argument is unpersuasive as well. A state court is not required to infer a distinct Sixth Amendment conflict-of-interest claim from such generalized authority or indirect citations. *Baldwin*, 541 U.S. at 32; *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs hunting for truffles buried in briefs.").

In the alternative, Petitioner appears to contend that he preserved the claim by raising the theory in his petition for review at the California Supreme Court. ECF No. 19 at 3. Petitioner is correct that the theory was expressly articulated in the California Supreme Court brief where he framed the issue as a violation of the right to conflict-free counsel and cited federal conflict-of-interest authority. ECF No. 19 at 4–5. However, in California, raising a federal constitutional claim for the first time in a petition for discretionary review to the California Supreme Court does not constitute fair presentation where the claim was not raised in the Court of Appeal. *Casey v. Moore*, 386 F.3d 896, 918 (9th Cir. 2004) ("Submitting a new claim to the state's highest court on discretionary review does not constitute fair presentation."); *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (holding that presenting a claim for the first time in a discretionary petition for review does not constitute fair presentation for purposes of exhaustion). A claim "must have been raised

United States District Court
Northern District of California

throughout the state appeals process, not just at the tail end in a prayer for discretionary review." *Casey*, 386 F.3d at 916.

Federal courts applying *Castille* and California appellate procedure have likewise concluded that when a claim is first presented in a petition for review to the California Supreme Court, the claim is raised improperly and is unexhausted for habeas review. *See Hirscher v. Sutton*, No. CV 18-10492-JLS (AFM), 2019 WL 6729770, at *4–5 (C.D. Cal. June 25, 2019); *Ratnaweera v. Att'y Gen.*, No. CV 09-1037-GAF (PJW), 2010 WL 8039683, at *6–7 (C.D. Cal. Sept. 21, 2010).

Because Petitioner's opening brief framed the issue as denial of counsel and ineffective assistance of counsel and did not present an actual conflict-of-interest claim under the Sixth Amendment, the California Court of Appeal was not fairly alerted to the federal theory now asserted in claim one.

Accordingly, claim one is unexhausted.

### B.    Claim Three

Petitioner also contends that he exhausted a Sixth Amendment claim challenging a local practice that allegedly burdens the right to conflict-free counsel by requiring conflict counsel to assume representation for the entire case. ECF No. 19 at 6–8. Respondent argues that this claim is unexhausted because Petitioner did not fairly present this federal constitutional theory to the California Court of Appeal and instead raised it for the first time in his petition for review to the California Supreme Court. ECF No. 11 at 4–5. The Court again agrees with Respondent.

Exhaustion requires fair presentation of a claim through a complete round of state appellate review in compliance with state procedural rules. *O'Sullivan*, 526 U.S. at 845; Cal. Rules of Court, rule 8.500(c)(1). Courts do not ordinarily consider matters not specifically and distinctly argued in the opening brief and will not consider new substantive claims raised for the first time in a reply brief. *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003) (quoting *United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992)).

Petitioner's opening brief on direct appeal did not reference any local practice or policy regarding the scope of conflict counsel's appointment. ECF No. 11 Ex. 1. Instead, the brief

United States District Court
Northern District of California

argued only that the trial court erred under state law by failing to appoint independent counsel to represent petitioner at the plea withdrawal hearing. *Id.* In response, Respondent relied on *People v. Sanchez*, 53 Cal. 4th 80 (2011), to argue that California law generally disfavors limited-purpose appointments of new counsel solely for plea withdrawal proceedings. ECF No. 11 Ex. 2 at 44–45. Petitioner addressed that authority in reply and expressly acknowledged that he had not raised this additional ground for relief in his opening brief, maintaining that he merely elaborated on and rebutted respondent's argument. ECF Nos. 19 at 6; 20 Ex. 6 55–68.

Petitioner now seeks to convert that rebuttal into a distinct Sixth Amendment challenge to an alleged local practice governing the scope of conflict counsel's appointment. But a new substantive claim raised for the first time in a reply brief does not constitute fair presentation. *Koerner*, 328 F.3d at 1048. Moreover, none of the limited exceptions to that rule apply here. Respondent's reliance on *Sanchez* did not introduce a new issue, rather, it addressed the claim Petitioner presented. *Id.;* ECF No. 20 at 5–6.

Petitioner only advanced the theory that a local requirement burdened the Sixth Amendment right to conflict-free counsel in his petition for review to the California Supreme Court. ECF No. 11 Ex. 3 at 82–83. Because Petitioner did not raise this federal constitutional claim in his opening brief before the California Court of Appeal and raised it for the first time in a petition for discretionary review, the California courts were not afforded a full and fair opportunity to consider the claim. Presentation of the claim for the first time in the petition for review was insufficient to satisfy exhaustion.

Accordingly, claim three is unexhausted.

## C.     Mixed Petition

The parties agree that claim two is exhausted. Because claims one and three are unexhausted and claim two was exhausted on direct review, the petition is a mixed petition. "[B]efore the district court dismisses a mixed petition a petitioner must 'be offered leave to amend the petition to delete any unexhausted claims and to proceed on the exhausted claims.'" *Butler v. Long*, 752 F.3d 1177, 1180 (9th Cir. 2014), *as amended on denial of reh'g and reh'g en banc* (June 24, 2014) (citing *Henderson v. Johnson,* 710 F.3d 872, 873 (9th Cir.2013)). Therefore, the

petition will be dismissed with leave to amend.

## CONCLUSION

For the foregoing reasons, the Court grants Respondent's motion to dismiss with leave to amend. Within 21 days of the filing of this order, Petitioner may file a notice electing to proceed solely on the exhausted claim and deleting the unexhausted claims. If Petitioner fails to file such a notice within that time, the Court will dismiss the petition without prejudice.

**IT IS SO ORDERED.**

Dated: March 5, 2026

_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

8